**AUTOTEL, a Nevada corporation, Plaintiff–Appellant,**

v.

**QWEST, a Colorado corporation; State of Arizona Corporation Commission; Mark Spitzer; William A. Mundell; Jeff Hatch–Miller; Mike Gleason; Kristin K. Mayes, in their official capacities as Commissioners of the Arizona Corporation Commission, and in their individual capacities, Defendants–Appellees,**

**Qwest Corporation, Defendant–intervenor–Appellee.**

**No. 07–17112.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2009.

Filed June 23, 2009.

---

---

Marianne G. Dugan, Eugene, OR, for Plaintiff–Appellant.

Gregory Brammer Monson, Esquire, Stoel Rives, LLP, Salt Lake City, UT, for Defendants–Appellees.

Maureen A. Scott, Esquire, Janet Wagner, Assistant General Counsel, Arizona Corporation Commission, Phoenix, AZ, for Defendant–intervenor–Appellee.

Before: SCHROEDER, REINHARDT and RYMER, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

MEMORANDUM *

This is an appeal from the judgment of the district court dismissing plaintiff Autotel's action under the Telecommunications Act of 1996 challenging the interconnection agreement with Qwest as negotiated before the Arizona Corporation Commission ("ACC"). The parties agreed to refer the dispute to a magistrate judge. We have reviewed Magistrate Judge Guerin's decision and agree with its conclusions and analysis in all respects.

Because the magistrate judge ruled that the claim of bad-faith negotiation was not exhausted before the ACC, in Autotel's appeal to this court, Autotel attempts to show that it did exhaust. Autotel points to a brief mention of Qwest's violation of the duty to negotiate in good faith in its response to Qwest's motion to dismiss and again in its reply brief to the ACC. These passing references, however, did not give the ACC an opportunity to resolve any claim of bad faith, as required for exhaustion purposes. *See W. Radio Servs. Co. v. Qwest Corp.,* 530 F.3d 1186, 1200–02 (9th Cir.2008) (discussing the policies behind prudential exhaustion).

As the dissent acknowledges, there is no statute, regulation, or case law that requires Qwest to allow interconnection at one access tandem for multiple Local Access Transport Areas. Therefore, the interconnection agreement cannot be contrary to the Act or its regulations. The district court put it well: "In sum, there is no evidence that the ACC's order that Qwest allow interconnection at a Qwest access tandem in each Local Transport Area violates the Telecommunications Act

or the implementing [regulations] or that the order is arbitrary and capricious."

AFFIRMED.

REINHARDT, J., concurring in part and dissenting in part.

I concur with the majority in every respect except one.

The magistrate judge rejected Autotel's argument that it should be given access to Qwest's network, which spans two Local Access Transport Areas ("LATAs"), via a single point of interconnection. She reasoned that there was no authority that would require Qwest to reconfigure its network so as to allow transport of local traffic between the two LATAs. There was on the other hand no authority that required the judge to rule in Qwest's favor, where such an interconnection was technically feasible.

I read *US West Communications, Inc. v. Jennings,* 304 F.3d 950 (9th Cir.2002), and *MCI Telecommunication Corp. v. Bell Atlantic Pennsylvania,* 271 F.3d 491 (3d Cir.2001), as authority that supports Autotel's position, although they do not reach the specific question presented here. My inclination is to conclude that the reasoning of those cases would be applicable to this one, and that here, as there, "[t]he decision where to interconnect and where not to interconnect must be left to [the competitor], subject only to concerns of technical feasibility." *MCI,* 271 F.3d at 518. Accordingly, I dissent in that one respect.

As is more than obvious from a reading of the above two paragraphs, I do not "acknowledge [that] there is no statute [or] regulation" that compels the result sought by Autotel. The entire thrust of the dissent is to the contrary. Surely, the word "authority" cannot be that difficult to com-

prehend, at least in the context of the dispute about which we write.